IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| PREFERRED POPCORN, LLC,<br><br>                Plaintiff,<br><br>vs.<br><br>CHRISTINE WILLIAMS,<br><br>                Defendant. | 4:16-CV-3194<br><br>ORDER OF PERMANENT INJUNCTION |

      This matter is before the Court on the parties' joint motion for a stipulated injunction (filing 28). In accordance with the parties' settlement and joint stipulations,

    IT IS ORDERED:

1. Through November 28, 2018, Williams and those acting in active concert or participation with her are enjoined from calling on or soliciting the business of, or selling to, or servicing (directly or indirectly, on Williams' own behalf or in association with any other individual or entity) any of Preferred's customers with whom she actually did business and had personal contact while employed by Preferred, except to the extent such activities are unrelated to, and not competitive with, the business, products and/or services that Williams offered or provided on behalf of Preferred and cannot adversely affect Preferred's relationship or volume of business with such customers. This injunction applies specifically to the customers identified on EXHIBIT A agreed to by the parties (but not attached hereto). Notwithstanding the foregoing, The Mennel Milling Company ("Mennel") remains free to call on, solicit the business of, sell to or service any of the customers identified on EXHIBIT A during the restricted time period so long as Mennel does so without the direct or indirect assistance of Williams.

2. Williams and those acting in active concert or participation with her are enjoined from using, or disclosing or transmitting to any person, including without limitation any employee or affiliate of

Mennel, any e-mails that Williams transmitted from Preferred to herself, including without limitation on November 27, 2016. Williams also shall immediately delete any of the e-mails she transmitted from Preferred to herself in any form.

3. Williams shall provide her phone (the "Williams Phone") to which she transmitted or copied information from the iPhone that Preferred issued to her (the "Preferred iPhone") to Vestige Digital Investigation, a forensic computer company, which will image it and provide a report to Williams' and Preferred's counsel of the contents, including data fragments and deleted information. The forensic report shall be designated as "Confidential for Attorney Eyes Only" pursuant to the Protective Order (Filing No. 20). Counsel for the parties shall then agree upon what information shall then be removed from the Williams Phone, including without limitation, Preferred-related contacts and any other Preferred-related information that was copied from the Preferred iPhone to the Williams Phone (all such agreed information referred to as the "Preferred Phone Information"). Vestige Digital shall then promptly and permanently delete the Preferred Phone Information from the Williams Phone and provide a written report reproducing the contents of the Preferred Phone Information that was deleted to counsel. Williams shall further immediately delete any of the Preferred Phone Information from any other media upon which it resides, if any, and she shall not use the Preferred Phone Information for any purpose. The cost of the forensic examination shall be shared equally by Williams and Preferred.

4. Williams and those acting in active concert or participation with her are enjoined from directly or indirectly using, or disclosing to Mennel or its employees or affiliates, the following information so long as such information is not readily ascertainable by proper means by the public or persons not employed by Preferred: Preferred customer names, job price quotes for Preferred's customers, job orders, contract negotiation history with Preferred's customers, invoices, customer inquiries, distributor pricing and referrals to distributors, the technical design for the factory Preferred newly developed in a joint venture in India, customer pricing strategies, customer needs and order history, customer and prospective customer lists, leads and information,

financial data, products and product development plans, pricing and discount plans and practices, business plans and practices, marketing plans, or any e-mail or document originating from Preferred or the Customer Lists contained in Exhibit A to this Stipulated Injunction.

5. In the event Williams discovers that she possesses any property, materials, or documents (regardless of whether in paper or electronic format) belonging to Preferred that are or were inaccessible by the public or persons not employed by Preferred, she will immediately turn over such items to her counsel, Kathryn E. Jones, who, in turn will then turn over the items to counsel for Preferred, Christopher R. Hedican, Baird Holm LLP, 1500 Woodmen Tower, 1700 Farnam Street, Omaha, NE 68102-2068, (402) 344-0500, chedican@bairdholm.com. Nothing in this paragraph shall limit any of the other obligations in this Stipulated Injunction.

6. Preferred's claims in this action have been compromised and settled and, therefore, this action shall be dismissed without prejudice, with each party to bear her or its own costs and attorneys' fees incurred in connection with this case other than the cost of the forensic phone examination which cost shall be shared equally by the parties.

7. Williams shall comply with the terms of the Loyalty Agreement she signed on February 29, 2016, to the extent such terms are enforceable under Nebraska and federal law.

8. The Court retains jurisdiction to enforce this Order.

Dated this 17th day of March, 2017.

BY THE COURT:

*John M. Gerrard*
John M. Gerrard
United States District Judge